LAWRENCE CURRY, *Plaintiff in Error,* v. D. W. MORAN, SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error.*

Opinion Filed August 15, 1918.

1. The provision of Chapter 6877, Acts of 1915, that "an additional license tax of ten dallors shall be required of all aliens or non-residents of the State * * * on each boat or vessel engaged in the fishing industry in this State operated in whole or in part by such alien or non-resident in addition to the boat license tax required" is not qualified by the provision of the Statute that "the payment of a license tax, or the procuring of any license shall not be required of persons fishing only with hook and line or with rod and reel or similar device."

2. An information alleging that the defendant, an alien or non-resident of the State, did engage in taking fish with a hook and line only from the salt waters of the State in a boat engaged in the fishing industry in the State, which boat was operated in part by the defendant, states an offense under Chapter 6877, Acts of 1915.

Writ of Error to Circuit Court for Dade County; H. Pierre Branning, Judge.

Order affirmed.

*Price & Price,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammell,* Assistant for the State.

WHITFIELD, J.—Curry was remanded in habeas corpus proceedings and was allowed and took writ of error.

The charge on which he was held is that "said Lawrence Curry being then and there an alien or non-resident of the State of Florida, did then and there engage in taking fish with a hook and line only from the salt waters of the State of Florida in a boat, which said boat was then and there engaged in the fishing industry in the State of Florida in the County of Dade and State of Florida, as aforesaid, and which boat was then and there operated in part by him, the said Lawrence Curry, a non-resident as aforesaid; the said Lawrence Curry at the time of so engaging in said fishing industry as aforesaid, not having then and there paid the additional license tax required of aliens fishing from boats operated in whole or in part by aliens or non-residents of the State of Florida, and without having taken out the license required by the laws of the State of Florida of aliens or non-residents on boats or vessels engaged in the fishing industry in the State of Florida operated in whole or in part by such alien or non-resident in addition to the boat license tax required by the Statutes of the State of Florida."

Chapter 6877, Acts of 1915, contains the following provisions:

"Any and all boats or vessels engaged in the fishing industry in the salt waters of the State, before beginning operations, must first porcure a police license from the Commissioner of Agriculture, and for this purpose the owner, captain or agent of such vessel must present in writing to the said Commissioner of Agriculture an application setting forth the name and description of such vessel, name and post office of the owner, the number of nets carried by such boat, and any such further data as said Commissioner of Agriculture shall deem necessary, on blanks to be furnished by the Commissioner of Agriculture, and thereupon the Commissioner of Agriculture shall register such boat or vessel and shall issue necessary license on payment of cost thereof. All licenses shall be granted to the boat or vessel according to the following schedule:

"Boats under 16 feet long and under 4 feet beam, $1.00; boats over 16 feet long and over 4 feet beam, 20 cents for each additional foot or fraction thereof of length of beam.

"Provided, that any person paying the above license shall not be required to pay an additional license for fishing in any fresh water.

"An additional license tax of ten dollars shall be required of all aliens or non-residents of the State of Florida on each boat or vessel engaged in the fishing industry in this State, operated in whole or in part by such alien or non-resident, in addition to the boat license tax required in this section. The failure of any alien or non-resident to secure such additional license, for such boats, before engaging in the fishing industry in this State will be considered a violation of this Act.

"Whoever being an alien or non-resident of this State, and who shall engage in taking fish or oysters from the salt waters of this State for any purpose other than his own individual use, shall be required to pay a license tax of ten dollars per annum. Such alien or non-resident shall make application to the Commissioner of Agriculture, over his own signature, for such license on blanks furnished by the Commissioner of Agriculture, which shall set forth the nationality of such alien or non-resident, local address and such other information as may be requried by the Commissioner of Agriculture."

"The payment of a license tax, or the procuring of any license shall not be required of persons fishing only with hook and line or with rod and reel or similar device."

The contention is that in view of the last quoted provision of the statute, the charge does not state an offense under the law. But the last quoted provision has no reference to the paragraph that "an additional license tax of ten dollars shall be required of all aliens or non-residents of the State of Florida on each boat or vessel engaged in the fishing industry in this State, operated in whole or in part by such alien or non-resident, in addition to the boat license tax required in this section. The failure of any alien or non-resident to secure such additional license, for such boats, before engaging in the fishing industry in this State will be considered a violation of this Act."

In substance, the charge is that Curry, an alien or non-resident of the State, in a boat engaged in the fishing industry in Dade County, Florida, which boat was operated in part by Curry, did engage in taking fish with a hook and line only from the salt waters of the

State. This charge states an offense under the paragraph "An additional license of ten dollars shall be required of all aliens or non-residents * * * on each boat * * * engaged in the fishing industry in this State, operated in whole or in part by such alien or non-resident," etc., and the allegation of the charge that Curry did "engage in taking fish with a hook and line only" is surplusage that does not affect the gist of the charge.

Order affirmed.

TAYLOR, ELLIS AND WEST, J. J., concur.

BROWNE, C. J., dissents.

ELLIS, J., *concurring.*—The purpose of the fifth paragraph of the section is to impose a license tax upon each alien engaged in the fishing industry where his activities are employed on a boat engaged in such industry. One who assists in operating such a boat either as a sailor, pilot, oarsmen, engineer or in any capacity requiring his presence on the boat, is engaged in the fishing industry. If he is an alien, he is required to pay a tax of $10.00 for engaging in such industry upon a boat. The allegation that he personally used only a hook and line for catching fish is surplusage.

An alien engaged in taking fish from salt waters, for other than his personal use whether he works on a boat or not comes within the provisions of paragraph six of Section fourteen, provided he uses other means than a hook and line or rod and "reed" (reel, I suppose is meant), or similar device for taking the fish from the waters.

The indictment charges an offense because the defendant is an alien assisting in the operation of a boat engaged in the fishing industry and has failed to procure for himself a license for engaging in such industry.

I think that an occupational or license tax may be required of an alien for engaging in such business in Florida waters, although no such occupational tax is imposed upon a citizen of the State engaged in such industry.   Ex parte Gilletti, 70 Fla. 442, 70 South. Rep. 446; Geer v. State of Connecticut, 161 U. S. 519, 16 Sup. Ct. Rep. 600.

It is true that the indictment does not negative the idea that the defendant had obtained a license under the sixth paragraph of the section, but if the payment of a license under that paragraph would relieve him from the payment of a license under paragraph five that would be a matter of defense.

So I think the petitioner should be remanded.