EDWARD McCLAIN, *Petitioner*, v. J. W. WEST, DEPUTY SHERIFF OF CALHOUN COUNTY, *Respondent*.

Opinion Filed November 27, 1920.

1. Chapter 6877, Laws of 1915, Section 14, imposes a license tax of ten dollars upon aliens or non-residents engaged in taking fish from the salt waters of the State, whether by hook, line, rod or reel, for purposes other than his own individual use, while operating in whole or in part a boat engaged in the fishing industry.

2. One who pays the license provided for in Section 14 of the Act mentioned in the first head-note is not required to pay a further tax of ten dollars upon aliens or non-residents engaged in the fishing industry required by the succeeding paragraph of the same section.

3. An alien or non-resident employed upon a boat engaged in the fishing industry is required to pay the license whether he actually fishes or not, and if he is upon a boat not engaged in the fishing industry, but fishes for purposes other than his own use, he is required to pay the license of ten dollars—but one person is not required to pay both licenses.

A case of original jurisdiction.

Petitioner discharged.

*John H. Carter* and *J. Bowers Campbell,* for Petitioner;

*Van C. Swearingen,* Attorney General, and *Worth W. Trammel,* Assistant, for Respondent.

ELLIS, J.—Edward McClain is a non-resident of this State and was engaged in taking fish from the salt waters of St. Joseph's Bay and the Gulf of Mexico within the limits of the State, but not with hook and line, rod or reel, for purposes other than his own individual use, on boats operated by him in part, but owned by Southern Manhaden Corporation, and on which boats the license tax required by law had been paid. McClain had himself paid the additional license tax required of all aliens or non-residents *on boats* engaged in the fishing industry in this State, but refused to pay a further tax of ten dollars required by the succeeding paragraph of the same section of Chapter 6877, Laws of Florida, 1915, to be paid

by "an alien or non-resident of this State who engages in taking fish or oysters from the salt waters of this State for any purpose other than his own individual use." Because of his refusal to pay the license tax of ten dollars required by the said paragraph of section fourteen he was taken into custody upon a warrant charging him with a violation of that provision of the Act and seeks his discharge from custody upon writ of *habeas corpus.*

In the case of Curry v. Moran, 76 Fla. 373, 79 South. Rep. 637, it was held that one situated as the petitioner was required to pay the license tax imposed by the fifth paragraph of section fourteen upon all aliens or non-residents who engage in taking fish from the salt waters of this State while operating in whole or in part a boat engaged in the fishing industry and that such tax was required in addition to the boat license tax. In such a case it is immaterial whether the licensee is the owner of the boat, manager or employee. The boat being engaged in the fishing industry, the alien or non-resident, whether owner, manager or employee, is required to pay the additional license. Having paid that license tax the petitioner was not required to pay the tax required by the succeeding paragraph to be paid by an alien or non-resident who engages in taking fish or oysters from the salt waters of this State for any purpose other than his own individual use. That paragraph, which is referred to as "paragraph six," requires the payment of ten dollars by any alien or non-resident who takes fish or oysters from the salt waters of this State for any purpose other than his own individual use, whether from a boat engaged in the fishing industry or not.

The purpose of the law is not to impose a double license tax upon aliens or non-residents engaged in the

fishing industry, but to impose a license tax of ten dollars upon every alien or non-resident engaged in such enterprise temporarily or permanently.

If he is employed as engineer, oarsman, pilot or sailor, or in any capacity, upon a boat engaged in the fishing industry he is required by the law to pay the tax whether he ever casts a net or throws a fishing line or not; but if he is upon a boat which is not engaged in the fishing industry and fishes for purposes other than his own individual use, or without the use of a boat fishes for such purpose, he is required to pay the license tax of ten dollars. The last paragraph of the section exempts all persons from the provisions of the act who fish *only* with hook and line or with rod and reel or similar device.

The petitioner was not subject under the law to the payment of the license tax imposed by the sixth paragraph of the section, having paid the tax imposed by the fifth paragraph, and is therefore unlawfully held in custody.

It is ordered that the petitioner be and he is hereby discharged from custody.

TAYLOR, WHITFIELD AND WEST, J. J., concur.

BROWNE, C. J., concurs in the conclusion.